141 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barry J. DUVIGNEAUD, Petitioner-Appellant,
v.
Manfred F. MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 94-36129.
DC No. CV 93-563 REJ.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted March 3, 1998.
Decided March 23, 1998.
 
 Appeal from the United States District Court for the District of Oregon, Robert E. Jones, District Judge, Presiding.
 Before FERNANDEZ, RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this petition for habeas corpus, petitioner Duvigneaud challenges his state court conviction for aggravated murder, felony murder, and robbery in the first degree. Duvigneaud argues that his conviction must be set aside because he received ineffective assistance of counsel, in violation of the Sixth and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm the district court's denial of the writ.
 
 
 3
 In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set down the general standard for an ineffective assistance of counsel claim. To prevail, the petitioner must prove that his attorney was deficient and that this deficiency prejudiced the defense. Id. at 686-87. "Deficient" means that the attorney did not provide reasonably effective assistance under prevailing professional norms. Id. at 687-88. Prejudice exists if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 A. Shackling
 
 4
 Duvigneaud argues that his state court appellate counsel was ineffective because he failed to argue on direct appeal that Duvigneaud should not have been shackled during trial.
 
 
 5
 This circuit requires state trial courts to engage in a two-step process before permitting the shackling of a criminal defendant. First, the trial court must determine that compelling circumstances exist that require some measure to maintain courtroom security. Second, the trial court must consider less restrictive alternatives before ordering shackling. Duckett v. Godinez, 67 F.3d 734, 748 (9th Cir.1995); Castillo v. Stainer, 983 F.2d 145, 147 (9th Cir.1992).
 
 
 6
 In this case, the trial court did not err in ordering shackling. First, Judge Sawyer heard evidence that Duvigneaud intended to escape from jail, and that he intended to kill a witness who would be testifying against him at trial. Based on this, Sawyer concluded that Duvigneaud "was an incredibly dangerous individual and was very capable of blowing up in the courtroom and killing somebody and trying to escape."
 
 
 7
 Second, Judge Sawyer took care to minimize the visibility of the shackles. See Spain v. Rushen, 883 F.2d 712, 722 (9th Cir.1989) ("The degree of prejudice is a function of the extent of chains applied and their visibility to the jury.") He made sure that the defendant did not have to walk or stand up in front of the jury when he was in his shackles. And Duvigneaud was unshackled out of the jury's presence before his own testimony.
 
 
 8
 Accordingly, this circuit's two-prong shackling test has been satisfied. It follows that Duvigneaud's appellate counsel was not ineffective for not raising this issue on direct appeal. Because no constitutional error occurred at trial, there was no prejudice from the failure to raise the issue on direct appeal.
 
 B. The Video
 
 9
 In Duvigneaud's second ineffective assistance of counsel claim, he argues that his trial counsel was ineffective for failing to object to the introduction of Danny Dorey's taped interview at trial.
 
 1. Exhaustion/Procedural Default
 
 10
 We reject the state's argument that Duvigneaud did not exhaust this claim. Whether or not Duvigneaud properly raised this claim in his petition for review to the Oregon Supreme Court, it is now far too late for Duvigneaud to seek review of the court of appeals' decision. Therefore, exhaustion has occurred. Batchelor v. Cupp, 693 F.2d 859, 863 (9th Cir.1982). To the extent that the state meant to argue procedural default instead of exhaustion, we reject that argument as well. See Wells v. Maass, 28 F.3d 1005, 1008-11 (9th Cir.1994).
 
 2. Merits
 
 11
 On the merits of this ineffective assistance claim, we reject it because neither the "deficiency" nor the "prejudice" prong of the Strickland test has been met. Counsel's failure to object was not deficient because it was a reasonable tactical decision under the circumstances. There was no prejudice to Duvigneaud because his attorney intended to admit the taped interview anyway; moreover, there is nothing to indicate that Dorey's testimony would have been more beneficial to Duvigneaud had he testified in person.
 
 C. Deputy Sheriff Poppen's Testimony
 
 12
 Duvigneaud's final contention is that his trial counsel was ineffective for failing to object to Deputy Sheriff Poppen's testimony at trial.
 
 
 13
 The Supreme Court has held that the Sixth Amendment right to counsel attaches when a defendant is charged with a crime, and a law enforcement officer who deliberately elicits a statement from a defendant outside the presence of his attorney violates the right to counsel. Massiah v. United States, 377 U.S. 201, 205-06, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). An undercover agent who strikes up a conversation with a defendant about the charged crime "deliberately elicits" a statement. Id. at 202-06; United States v. Henry, 447 U.S. 264, 270-72, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980). However, an undercover agent who passively listens to the defendant's statements does not violate the right to counsel. Kuhlmann v. Wilson, 477 U.S. 436, 456, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986).
 
 
 14
 On the facts of this case, Poppen did not deliberately elicit Duvigneaud's statements. Poppen did not ask Duvigneaud about the charged crime, or any crime. Indeed, Duvigneaud's statements were not made in response to anything that Poppen said or asked, nor were they made to Poppen. They were simply statements Poppen overheard Duvigneaud make over the phone. Because there was no Sixth Amendment violation, it was not deficient not have objected to Poppen's testimony.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3